UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM FREDERICK KEMP, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>)<br>)<br>**CONDOLEEZA RICE,** )<br>)<br>**Respondent.** )<br>_____) | **Electronic Filing**<br>**Civil Action No. 06-1528 (JDB)** |

## RESPONDENT'S MOTION TO DISMISS

Respondent, United States Secretary of State Condoleeza Rice, in her official capacity, hereby moves, pursuant to Rule 12(b)(1) and 12(b)(6), to dismiss the Amended Complaint in this case on the grounds that the Court lacks subject matter jurisdiction, and Petitioner has failed to state a claim upon which relief can be granted.  In support of this motion, Respondent respectfully refers the Court to the accompanying memorandum of points and authorities.  A proposed order consistent with this motion is attached.

Petitioner is hereby advised that failure to respond to this motion may result in the Court granting the motion.  *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851


*Of Counsel:*
Gilda Brancato, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.  20520

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM FREDERICK KEMP, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Electronic Filing |
| | ) Civil Action No. 06-1528 (JDB) |
| | ) |
| | ) |
| CONDOLEEZA RICE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Respondent, United States Secretary of State, respectfully submits the following memorandum of points and authorities in support of her Motion to Dismiss, filed in response to the Court's November 1, 2006, order to show cause why the Writ of Mandamus should not issue.

**INTRODUCTION**

Petitioner, William Frederick Kemp, Jr., was most recently convicted of assault with a dangerous weapon in 1996, and is incarcerated in the Oaks Correctional Facility by the Michigan Department of Corrections. *See* Complaint ("Compl."), Dkt. No. 1, and Petitioner's Recent Criminal Report, Exh. 1. Petitioner initiated this action by seeking a Writ of Mandamus to compel the Secretary of State ("Secretary") to process his renunciation of nationality and issue a Certificate of Loss of Nationality ("CLN") pursuant to § 349(a)(6) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1481(a)(6). Subsequently, Petitioner filed a "Motion to Amend Original Complaint and Clarify Intent" on or about November 9, 2006. *See* Dkt. 6-1. He demands that the Secretary, based on Petitioner's claimed renunciation under 8 U.S.C. 1481(a)(6), issue him a Certificate for Loss of Citizenship in lieu of a CLN. *See* Amend. Compl.

generally.

Petitioner's suggestion that he is able to renounce his U.S. citizenship while maintaining his status as a U.S. national is based on his misunderstanding of the law.[1] This case should be treated as a renunciation of nationality under INA section 349 and should be dismissed because Petitioner has not alleged or demonstrated that he has complied with the statutory scheme through which renunciation of U.S. nationality in the United States can be accomplished. Specifically, Petitioner alleges in his Amended Complaint that he sent a "(f)ormal (r)enunciation of de facto [14th Am.] U.S. citizenship," to the Secretary by certified mail. (Amd. Compl., at 8-9). Petitioner continues: "Renunciation of de facto U.S. citizenship/U.S. nationality, also on the Face sheet of the UCC-1Ad Form #10 is another Formal Renunciation of U.S. [14th AM] de facto citizenship . . . . . As Secured Party and Holder-in Due-Course". (Amd. Compl., p. 9) (ellipsis in original).

Petitioner seeks to compel the Secretary to issue a Certificate of Loss of Citizenship, (Amd. Compl., prayer for relief, at 9), again relying on section 349(a)(6) of the INA, 8 U.S.C. 1481(a)(6). Petitioner does not attach a copy of any document he alleges that he sent to the Secretary nor has he provided any other documentation in support of his renunciation claim. Further he does not allege submission of documentation to the Attorney General, who is the United States Government official vested with authority under section 349(a)(6) of the INA. The INA compels no such action on the part of the Respondent, as sought by Petitioner, and

---

[1] For most purposes (*see e.g.* the narrow exception related to the outlying possessions of American Samoa and Swains Island, which is inapplicable to Petitioner), the INA uses the terms "citizenship" and "nationality" interchangeably. As a result, a renunciation of citizenship is a renunciation of nationality and *vice versa*, and is governed under INA section 349. This issue is fully discussed in the Argument section 2(a), *supra*.

Mandamus does not lie for discretionary acts of executive branch officials. Thus, Petitioner cannot avail himself of the Writ and this action must be dismissed.

## STANDARD OF REVIEW

### 1. Subject Matter Jurisdiction

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Rep. of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C.1998). The requirements for mandamus "go to [the] court's jurisdiction under [the] mandamus statute, although [it is] often discussed in merits terms as to whether a writ of mandamus should be issued." *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996), citing *Willis v. Sullivan*, 931 F.2d 390, 395-96 (6th Cir. 1991). The Court of Appeals for this Circuit has emphasized that jurisdiction over actions in the nature of mandamus "is strictly confined." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005).

### 2. Failure to State a Claim Upon Which Relief May be Granted

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause

of action. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. *Conley*, 355 U.S. 45-46. Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**1. Petitioner Has Failed to Take Appropriate Steps to Renounce His Citizenship.**

Preliminarily, it should be noted that Petitioner names the Secretary of State as the Respondent. *See* Amd. Compl. caption.[2] In this case, the Secretary is an improper party because the Petitioner is physically located within the United States. The INA authorizes the United States Attorney General, or any officer designated by him, to approve renunciation of an

---

[2] Although in the caption, the Secretary's name is followed by "et.al." [sic], Petitioner makes no indication to whom he may be referring, in the body of his Complaint. In his Motion to Amend, Petitioner indicates that he wishes to add, as defendants, the "[current] Secretary of the Treasury et al.; the [current] C.E.O. [sic] for the Department of Commerce, et al.; the [current] C.E.O. [sic] of the Securities and Exchange et al.; and, John Doe/Betty Poe . . . ." Dkt. 6-1 at 5. Although unclear on its face, the request to add the foregoing defendants may seem to be Petitioner's attempt to ensure the relief he seeks–with regard to the "return of all monies wrongfully withheld" from him as a U.S. citizen–is granted. *See* Compl. at 10-11. However, the Court need not decide any such question, at this time, because, as fully discussed below, Petitioner has not attempted to properly renounce his citizenship.

individual's United States citizenship, who may be physically present in the United States, if certain conditions are met.  *See* the INA section 349(a)(6), (codified at 8 U.S.C. §1481(a)(6)).

If not physically present in the United states, renunciation may be affected through 8 U.S.C. § 1481 (a)(5).  One may invoke the statutory provision of expatriation, found at § 1481(a)(5), which requires a "formal renunciation of nationality before a diplomatic or consular officer of the United States in *a foreign state*, in such form as may be prescribed by the Secretary of State . . . ." 8 U.S.C. § 1481 (a)(5) (emphasis added).  The Secretary of State has implemented this provision by setting forth the manner and form of the renunciation in a regulation.  *See* 22 C.F.R. § 50.50.  Accordingly, this method would be an option for Petitioner once he is released from incarceration in Michigan.  *See Koos v, Hom*, 204 F.Supp.2d 1099, 1108 (W.D.Tenn. 2002).

Here, Petitioner is physically present in the United States.  *See* Compl.  He has filed his Complaint against the Secretary, rather than the United States Attorney General.  *See* Compl. caption.  He does not allege that he has attempted to file the appropriate forms with the United States Attorney General to effectuate his renunciation.  *See* Compl. generally.  Accordingly, the Court lacks jurisdiction and Petitioner's Amended Complaint should be dismissed.

**2. <u>Mandamus Does Not Lie For Discretionary Acts.</u>**

To the extent that the Court will construe the instant Amended Complaint to have been brought against the Attorney General, as well as the Secretary, the writ of mandamus is not the appropriate remedy.  The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361;

*Fornaro v. Kay Coles James*, 416 F.3d 63, 69 (D.C. Cir. 2005). The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. *Fornaro,* 416 F3d at 69; *Consolidated Edison, et al., v. Ashcroft, et al.,* 286 F.3d 600, 605 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1029 (2002). Moreover, because of the potential conflict between the branches of government engendered by use of this remedy, courts have limited its application to "only. . . the clearest and most compelling cases." *13th Regional Corp. v. U.S. Dept. of Interior*, 654 F.2d 758 (D.C. Cir. 1980).

Courts have achieved this limitation by issuing the writ only when a Petitioner has demonstrated the following elements: (1) the Petitioner has a clear legal right to the relief sought; (2) the Respondent has a clear duty to act; and (3) there is no other adequate remedy available to Petitioner. *Id.;Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983). Thus, "[a]ccording to traditional doctrine, a writ of mandamus will issue "only where the duty to be performed is ministerial[3] and the obligation to act peremptory, and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *13th Regional*, 654 F.2d at 760 (citations omitted); *See Wilbur v. United States*, 281 U.S. 206, 218-19 (1929) (mandamus is inappropriate except where a public official has violated a ministerial duty. Such a duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command. Where the duty is not thus plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment

---

[3] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. See *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D.Ind. 1984).

or discretion which cannot be controlled by mandamus."). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. *Power v. Barnhart*, 292 F.3d 781, 785 (D.C. Cir. 2002) (citations omitted).

Petitioner has failed to satisfy that burden here. The statute governing voluntary renunciation of citizenship, upon which Petitioner relies, provides in pertinent part:[4]

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality:
>
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as maybe designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

8 U.S.C. § 1481(a)(6). This provision was enacted in 1944 to allow the government to continue to lawfully detain U.S. citizens of Japanese origin during the second World War ("WWII") by having them renounce their citizenship. *Tadayasu v. Clark*, 77 F.Supp. 806, 809-810 (N.D. Cal. 1948), *reversed in part on other grounds*, 186 F.2d 766 (9th Cir.), *cert. denied,* 342 U.S. 832 (1951).

Regulations promulgated to implement the 1944 amendment, 9 Fed. Reg. 12241 (Oct. 10, 1944) (codified at then-8 C.F.R. § 316.1, et seq. (1944)), provided an administrative process for renouncing citizenship within the United States by requesting from the Department of Justice an "Application for Renunciation of United States Nationality." However, the regulations

---

[4] The only other potential way for Petitioner to effectuate a loss of nationality, while physically remaining in the United States, is to show that he has committed treason. *See* 8 U.S.C. § 1483(a) citing 8 U.S.C. § 1481(a)(7); 8 U.S.C. § 1488. Petitioner makes no such claim here, rendering this provision of the law inapplicable to the instant matter. *See* Compl. generally.

specifically provided that they were effective only until the "cessation of the *present* state of war unless sooner terminated by the Attorney General." *Id*. Thus, the regulations ceased to have effect at the end of WWII, and no longer exist. Therefore, Petitioner cannot avail himself of the procedure contained therein.[5]

Moreover, Section 1481(a)(6) imposes no duty on the Attorney General or the Secretary to act.[6] The statute merely provides that the applicant must make a formal renunciation "in such form as *may* be prescribed by . . . the Attorney General," thereby vesting discretion in the Attorney General, as to whether and when to set forth a procedure for renunciations of citizenship in the United States. The Attorney General has not exercised his discretion under this statutory section to establish a renunciation procedure and has never promulgated regulations to implement the provision. *See Koos v. Hom*, 204 F. Supp. at 1108 (renunciation request denied under Section 1481(a)(6) as § 1481(a)(6) is presently inoperative and the Attorney General has not prescribed procedures for such renunciations.").

The statute also contemplates that the Attorney General has the discretion to determine whether, even when all other elements have been met, a renunciation is or is not contrary to the interests of national defense. 8 U.S.C. § 1481(a)(6). The phrase in "the interests of national

---

[5] A statutory provision virtually identical to the 1944 version was adopted in 1952, which is currently codified at 8 U.S.C. § 1481(a)(6). However, the Attorney General has never promulgated regulations to implement this provision.

[6] The more commonly invoked statutory provision of expatriation is found at § 1481(a)(5), which requires a "formal renunciation of nationality before a diplomatic or consular officer of the United States in *a foreign state*, in such form as may be prescribed by the Secretary of State . . . ." 8 U.S.C. § 1481 (a)(5) (emphasis added). The Secretary of State has implemented this provision by setting forth the manner and form of the renunciation in a regulation. *See* 8 C.F.R. § 50.50. This method may be an option for Petitioner once he is released from incarceration in Michigan. *See Koos*, 204 F.Supp.2d at 1108.

defense" is extremely broad. Moreover, it is inherently enmeshed with policy judgments specific to the particular programs run by that agency. The phrase goes to the heart of the presumption against the courts becoming overly involved in foreign policy matters such as immigration. *See, e.g., INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999).

In sum, in the instant matter, assuming that Petitioner is a U.S. citizen,[7] he has not alleged that (1) he made a formal written statement of renunciation in the form prescribed by the Attorney General and before a duly authorized officer designated by the Attorney General; (2) that the United States is (or was at the time of the purported renunciation) in a state of war; (3) and that the purported renunciation would not be contrary to interests of national defense . Indeed, the Petitioner has not attached to his Amended Complaint any written documentation to substantiate his claim. Consequently, he is not entitled to the relief sought and his complaint must be dismissed. *See Toler v. Gonzales*, 2006 WL 3208664 (D.D.C. Nov. 7, 2006).

Mandamus is clearly inappropriate in this case. First, Petitioner has named the wrong Respondent and does not even claim that he filed his petition with the appropriate agency. Second, mandamus cannot lie unless there is a duty so plainly prescribed as to be free from doubt and equivalent to a positive command. By contrast, any action by the Attorney General pursuant 8 U.S.C. § 1481(a)(6) is discretionary, not ministerial. Moreover, nothing in this statute provides Petitioner with a "clear legal right" to acceptance of his renunciation of United States citizenship, even if the United States were in a state of war. Rather the Attorney General has the discretion to determine whether he will prescribe a procedure by which such renunciations may be enacted, whether to designate an officer to receive such renunciations and

---

[7] Petitioner's pleadings are unclear. He claims that he is "a sovereign natural person" (*see* Compl. at 2), and further alleges to be a "de facto [14th Am] [sic] citizen[]." (*see* Compl. at 8).

to prescribe a form for this purpose, and, even when all other elements have been met, whether the renunciation is or is not contrary to the interests of national defense. Such discretionary acts by another branch of government cannot be compelled by the extraordinary remedy of the Writ of Mandamus, and Petitioner's case must be dismissed.

      **A.**    **Petitioner's Attempt to Distinguish Between Nationality and Citizenship is Irrelevant in the Instant Matter.**

In his Amended Complaint, Petitioner alleges (inconsistently) that he is seeking to renounce only his citizenship and not his nationality. *See, e.g.*, Amd. Compl., at 1, 8, 9 ("strike US nationality"); *id.* at 9 ("Requiring a Certificate of Loss of U.S. Citizenship: Change nationality to citizenship"); *but see id.* ("Renunciation of de facto U.S. citizenship/U.S. nationality"). Petitioner purports to distinguish between renunciation of citizenship and renunciation of nationality, though such a distinction does not exist under United States law. While there are certain technical distinctions between the two terms under the INA that pertain exclusively to the United States' outlying possessions of American Samoa and Swains Island, *see* 8 U.S.C. § 1101(a)(22), 8 U.S.C. § 1101 (a)(29), and 8 U.S.C. § 1408, discussed *supra*, for most purposes, including renunciation under the INA, this is a distinction without a difference, and the terms are used interchangeably under the INA.

      As Justice Ginsberg has explained:

> Nationality and citizenship are not entirely synonymous; one can be a national of the United States and yet not a citizen. 8 U.S.C. 1101(a)(22). The distinction has little practical impact today, however, for the only remaining noncitizen nationals are residents of American Samoa and Swains Island.

*Miller v. Albright*, 523 U.S. 420, 467 n.2 (1998) (Ginsberg, J., dissenting) (citations omitted). Accord, *Oliver v. INS*, 517 F.2d 426 (2d Cir. 1975) (*per curiam*) ("The term nationals came into

use in this country when the United States acquired territories outside its continental limits whose inhabitants were not at first given full political equality with citizens. . . . With the grant of independence to the Philippines, and the gradual extension of citizenship rights to the indigenous inhabitants of other insular possession, the distinction between citizenship and noncitizen nationality has become less significant"). *See Rabang v. INS*, 35 F.3d 1449, 1452 n.5 (9th Cir. 1994)("The term 'national' came into popular use in this country when the United States acquired territories outside its continental limits, and was used in reference to noncitizen inhabitants of those territories"). *See also* Black's Law Dictionary (8th ed. 2004)("nationality. 1. nation 2. The relationship between a citizen of a nation and the nation itself, customarily involving allegiance by the citizen and protection by the state; membership in a nation. This term is often used synonymously with citizenship.")

As Justice Ginsberg and the United States Courts of Appeals in *Oliver* and *Rabang* observed, the only means under United States law for a person to be a non-citizen national is through birth or descendence in American Samoa and Swains Island. *See* 8 U.S.C. 1408 & 8 U.S.C. 1101(a)(29). Petitioner fails to allege any facts upon which he could make a claim that he falls into the class of persons entitled to U.S. nationality who are not citizens under § 308 of the INA. As a matter of law any claim by Petitioner for recognition of non-citizen nationality must fail.

INA section 349, 8 U.S.C. 1481, provides the exclusive means under United States law for renunciation of allegiance to the United States. Drawing no distinction between citizenship and nationality–indeed, the provision is entitled "Loss of Nationality by Native-Born or Naturalized Citizen"–section 349 provides for renunciation of nationality when the statutory

requisites are satisfied.  In his Amended Complaint Petitioner continues to expressly rely on INA section 349(a)(6) as the basis of his claim.  Reading Petitioner's Amended Complaint in the light most favorable to Petitioner, it is an attempt to seek renunciation of affiliation with the United States under INA section 349(a)(6), and is thus an attempt to renounce nationality.  Accordingly, the Court should address Petitioner's claim as one for renunciation of nationality under the INA without distinction between citizenship and nationality, and dismiss his petition for writ of mandamus with prejudice.

## CONCLUSION

For all the foregoing reasons, Respondent's Motion to Dismiss should be granted and Petitioners' Amended Complaint should be dismissed with prejudice.

Dated February 26, 2007.

                                                      Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530

*Of Counsel:*
Gilda Brancato, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.  20520

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2007, I caused the foregoing *Motion to Dismiss* and all attachments to be served on *pro se* Petitioner, postage prepaid, addressed as follows:

**WILLIAM FREDERICK KEMP, JR.,
Number 177395
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, Michigan 49660-9200**

                                             /s/
                                    MERCEDEH MOMENI
                                    Assistant United States Attorney
                                    555 4th Street, NW
                                    Civil Division
                                    Washington, DC 20530
                                    (202) 305-4851
                                    (202) 514-8780 (facsimile)