UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM FREDERICK KEMP, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Electronic Filing |
| | ) Civil Action No. 06-1528 (JDB) |
| | ) |
| **CONDOLEEZA RICE,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL

Respondent, United States Secretary of State Condoleeza Rice, in her official capacity, hereby opposes Plaintiff's Motion to Compel/For Assistance ("MTC") (Dkt. No. 25) because Petitioner is not entitled to receive copies of case law and statutes, or other documents cited in his motion, from Respondent.

Petitioner, William Frederick Kemp, Jr., is incarcerated in the Oaks Correctional Facility operated by the Michigan Department of Corrections. *See* Complaint ("Compl."). Petitioner initiated this action by seeking a Writ of Mandamus to compel the Secretary of State ("Secretary") to process his renunciation of nationality and issue a Certificate of Loss of Nationality ("CLN") pursuant to § 349(a)(6) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1481(a)(6). *Id.* He demands that the Secretary, based on Petitioner's claimed renunciation under 8 U.S.C. 1481(a)(6), issue him a Certificate for Loss of Citizenship in lieu of a CLN. *See* Amend. Compl. generally.

In his most recent filing, Petitioner seeks to compel the Secretary "to furnish the

requested copies" of documents listed in his "Index of Cases/Documents Requested/Required". *See* MTC pp. 2-3 and Index.  Petitioner states that he requires copies of the listed documents because he is currently in "administrative segregation" and has limited access to the law library. *Id*. at 1.  He also complains that the law library at the Oaks Correctional Facility "does not carry all of the relevant/ needed USC's/ Codes/ Statutes and the like." *Id*.

The difficulty with Petitioner's Motion to Compel is two fold.  First, as fully discussed in Respondent's pending Motion to Dismiss, the Secretary is an improper party to this suit because Petitioner is physically present in the United States.  *See* Motion To Dismiss, Dkt. No. 21, Argument Section 1, pp. 4-5.  As such, the Secretary should not be compelled to produce documents in this matter.

Second, at the heart of Petitioner's alleged dilemma, as outlined in his Motion to Compel, are the conditions of his confinement in a state-run institution.  Specifically, Petitioner claims that the amount of library time he is allotted is insufficient to respond to Respondent's Motion to Dismiss, and the nature of the books the institution chooses to maintain in its library do not meet his needs.  However, this Court is without personal jurisdiction over the warden of Oaks Correctional Facility,[1] in the instant matter,[2] to whom a party would direct such claims. Moreover, the Court does not generally involve itself in the administration of prisons (state or federally administered ones), because prison officials are better positioned to maintain order and

---

[1] Oaks Correctional Facility is administered by the Michigan Department of Corrections.  *See* Exh. A, attached hereto.

[2] Petitioner is incarcerated in a state-run facility, serving a sentence for having committed an offense under state law (assault).  His incarceration is not related to the claims in his Amended Complaint.  *See* Exh. 1, attached to Respondent's Motion to Dismiss.

address safety concerns in their institutions.  *See e.g. Inmates of Occoquan v. Barry*, (holding that "courts must and do recognize the primacy of the legislative and executive authorities" in the administration of prisons).  844 F.2d 828, 836 (D.C. Cir. 1988) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).  This judicial restraint would include cases involving alleged difficulties a prisoner in administrative segregation may face, or materials kept in a prison's library and prisoners' access to same.

Additionally, the Court has already granted Petitioner's Motion for Extension of Time to Respond to Respondent's Motion to Dismiss.  *See* Minute Order dated March 15, 2007.  Petitioner's response is now due on April 27, 2007, extending the filing deadline by 60 days.  Therefore, Petitioner now has ample time to respond to Respondent's Motion to Dismiss.  Accordingly, Petitioner's Motion to Compel should be denied.

## **CONCLUSION**

For all the foregoing reasons, Petitioner's Motion to Compel should be denied.

Dated March 28, 2007.

                                          Respectfully submitted,

                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney

                                        _____/s/_____
                                        MERCEDEH MOMENI
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N. W.
                                        Washington, D.C.  20530

*Of Counsel:*
Gilda Brancato, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.  20520

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2007, I caused the foregoing *Opposition to Motion to Compel* to be served on *pro se* Petitioner, postage prepaid, addressed as follows:

**WILLIAM FREDERICK KEMP, JR.,**
**Number 177395**
**Oaks Correctional Facility**
**1500 Caberfae Highway**
**Manistee, Michigan 49660-9200**

/s/
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)