# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM FREDERICK KEMP, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Electronic Filing** |
| ) | **Civil Action No. 06-1528 (JDB)** |
| ) | |
| ) | |
| **CONDOLEEZA RICE,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

### RESPONDENT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

Respondent, United States Secretary of State Condoleeza Rice, in her official capacity, hereby submits the following reply in support of her Motion to Dismiss. Respondent incorporates by reference all arguments presented in its opening brief.

Petitioner's 23-page Opposition to Respondent's Motion to Dismiss ("Opp.") is rife with unintelligible verbiage, (*see, e.g.* pp. 3 ¶ 3)[1] and citations to laws and regulations wholly irrelevant to this litigation (*see e.g.*, references to the Uniform Commercial Code at pp. 1 and 8, Trading with the Enemies Act at pp. 9 and 12, the California Tax Code at p. 10, and Admiralty laws at p. 14, *inter alia*). Furthermore, Petitioner attaches documents pertaining to matters simply not before this Court. *See* Opp. attachments generally. In short, Petitioner offers no relevant facts or arguments through his Opposition.

What remains at the heart of Petitioner's case is his contention that mandamus lies to compel the Secretary to issue a Certificate of Loss of Nationality ("CLN"). *See* Opp. at 13 and

---

[1] Respondent references Petitioner's hand-written page numbers, instead of page numbers stamped on the filing by the Court's ECF system. It should be noted that page 2 of Petitioner's filing is missing on the ECF system.

22.  Preliminarily, it should be noted that Petitioner does not refute Respondent's argument that

the Secretary is an improper party pursuant to the INA section 349(a)(6), (codified at 8 U.S.C.

§1481(a)(6)).  His demands that the Secretary, based on Petitioner's claimed renunciation under

8 U.S.C. 1481(a), issue him a Certificate for Loss of Citizenship in lieu of a CLN fails, because

as discussed in Respondent's opening brief, Petitioner is not eligible to file such a petition while

he is physically present in the United States.  *See* Opening Brief at 8 fn 6.  Specifically,

renunciation abroad may be an option for Petitioner once he is released and avails himself of

proper procedures for renunciation in a foreign country under section 1481(a)(5).  Accordingly,

Respondent's Motion to Dismiss should be granted and Petitioner's Amended Complaint should

be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530

*Of Counsel:*
Gilda Brancato, Esq.
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.  20520

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2007, I caused the foregoing **Reply in Support**

**of Motion to Dismiss** and all attachments to be served on *pro se* Petitioner, postage prepaid,

addressed as follows:

**WILLIAM FREDERICK KEMP, JR.,**
**Number 177395**
**Oaks Correctional Facility**
**1500 Caberfae Highway**
**Manistee, Michigan 49660-9200**


                                        _____/s/_____
                                        MERCEDEH MOMENI, D.C.
                                        Assistant United States Attorney
                                        555 4th Street, NW
                                        Civil Division
                                        Washington, DC 20530
                                        (202) 305-4851
                                        (202) 514-8780 (facsimile)