UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

William-Frederick Kemp, Jr.,

    Petitioner,

        v.

Condoleezza Rice,

    Respondent.

Civil Action No.  06-1528 (JDB)

## MEMORANDUM OPINION

In this action for a writ of mandamus, petitioner seeks to compel the Secretary of State to issue a "Certificate of Loss of U.S. citizenship" pursuant to 8 U.S.C. § 1481(a)(6).  Am. Compl. at 1.  Respondent moves pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss the complaint. Based upon the parties' submissions and the entire record, the Court will grant respondent's motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28 U.S.C. § 1361.  "The necessary prerequisites for [the] court to exercise its mandamus jurisdiction are that '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'"  *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996) (*quoting American Cetacean Soc'y v. Baldrige*, 768 F.2d 426, 433 (D.C. Cir.1985), *rev'd on other grounds sub nom. Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 (1986)).  The Court's mandamus power extends only to ministerial duties of public

---

[1] Because the petitioner seeks to enforce a federal statute, the Court is satisfied that it has subject matter jurisdiction.  *See* 28 U.S.C. § 1331 (establishing federal question jurisdiction).

officials, *i.e.*, those duties that "admit[] of no discretion, so that the official in question has no authority to determine whether to perform the duty." *Id.*, 100 F.3d at 977.

Here, the writ is available only if petitioner can show first that he comes within the following statutory provision.

> A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality . . . [by] making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

8 U.S.C. § 1481(a)(6). Petitioner, who is incarcerated in Michigan, does not refute respondent's argument that he has not demonstrated his compliance with the foregoing provision or any other applicable provision for renouncing his citizenship or nationality. *See* Memorandum of Points and Authorities in Support of Respondent's Motion to Dismiss at 4-5, 7-9. Nor does he contest respondent's assertions that he has named the wrong respondent and that "any action by the Attorney General [the proper respondent] pursuant to [the foregoing statute] is discretionary, not ministerial." *Id.* at 9. For all of these reasons, the Court finds that petitioner has failed to state a claim for mandamus relief. Respondent's motion to dismiss therefore is granted.[2]

                                                                               s/
                                                JOHN D. BATES
                                       United States District Judge

Dated: May 17, 2007

---

[2] A separate Order accompanies this Memorandum Opinion.